### ABNER BURBANK *versus* WILLIAM BERRY & *al.*

After the Revised Statutes were in force, the oath to be taken by a debtor, arrested on mesne process before those statutes took effect and released on giving a debtor's bond, is that prescribed in Rev. Stat. c. 148.

A bond taken to liberate a defendant from arrest on mesne process, is subject to chancery; and the damage actually sustained is the measure of the plaintiff's claim.

Since the act of 1842, c. 31, amendatory of the Revised Statutes, was in force, the damages in such cases are again to be assessed by the Court, and not by the jury.

THIS suit was commenced Oct. 3, 1842, on a bond dated

June 9, 1841, given to procure the release of Berry from *arrest upon a writ* in favor of the plaintiff against him.

The case came before the Court upon a statement of facts, from which it appeared that the poor debtor's oath provided in the statute of 1836, had been duly administered to the debtor, Sept. 17, 1842, before two justices of the peace and of the quorum, both selected by the debtor, on Sept. 17, 1842. Final judgment in the action was recovered at the adjournment of the May Term to Aug. 17, 1842, more than fifteen days prior to taking the oath, the notice to the creditor having been given within the fifteen days. The justices certified, that the attorney of the plaintiff was present at the time of the taking of the oath, and objected to their jurisdiction, because more than fifteen days had elapsed after final judgment, and because they had not been legally selected, and that they overruled the objections.

It was agreed, that if the question as to amount of damages was properly for the decision of a jury, that Berry, the debtor, was without visible property and reputed to be poor; and that the Court should render such judgment in this case as they should deem authorized by law, and in case they should hold the question of damages to be triable by a jury, they were authorized to determine what, if any, damages the plaintiff has sustained, in the same manner as a jury should.

*M'Donald* argued for the plaintiff, and cited and commented upon Rev. Stat. c. 115, § 78, and the act of amendment of the Rev. Stat. in 1842, c. 31, § 9; *Hathaway* v. *Crosby*, 5 Shepl. 448; Stat. 1830, c. 463; Rev. Stat. c. 148, § 35, 36, 37, and 39.

*Caverly* argued for the defendants, and cited and remarked upon Stat. 1835, c. 195, § 7, 8; Stat. 1836, c. 245, § 3, 8; Rev. Stat. c. 115, § 78; *Goodwin* v. *Huntington*, 5 Shepl. 75; *Oriental Bank* v. *Freese*, 6 Shepl. 113; 6 Dane, 600; 3 Greenl. 156; 3 Shepl. 55; 6 Shepl. 152; 3 Shepl. 338; 4 Shepl. 386; Rev. Stat. c. 148, § 17, 5; Rev. Stat. repealing act, § 2, 4; 4 Shepl. 370.

The opinion of the Court was drawn up by

SHEPLEY J. — This suit is on a bond given by a debtor to liberate himself from arrest on mesne process. In a suit on a bond given to liberate himself from arrest on execution, it was decided, that the proceedings for a performance of the condition should be in conformity to the provisions of the Revised Statutes, after they took effect. *Morse* v. *Rice,* 8 Shepl. 53.

The reasons and principles, upon which that decision was founded, are applicable to the present case; and this bond must be considered as forfeited by a neglect to comply with those provisions. It has also been decided, that bonds taken to liberate one from arrest on mesne process were subject to chancery, and that the amount, for which execution should issue, was not regulated by the former statutes, and that the damage actually sustained was the equitable and proper measure of the plaintiff's claim. *Wilson* v. *Gillis,* 3 Shepl. 55; *French* v. *M'Allister,* 7 Shepl. 465.

It is contended, that the measure of damages in such cases is regulated by the Rev. St. c. 148, § 35. The language of the clause is, "and the like proceedings shall be had, and the like consequences shall result therefrom as herein before provided for the case of a debtor after arrest on execution, except as is mentioned in the following section."

The consequences resulting from the examination and disclosure of a debtor after arrest on an execution will be found to relate to the rights of the creditor to take the property, that may be disclosed; to the preservation of his lien upon it; and to the effect, which the certificate of the justices is to have to discharge him from imprisonment, and to exempt his body from future arrest. They are found in sections twenty-nine to thirty-four inclusive. These matters are not elsewhere provided for. There are provisions on these subjects in the sections preceding the seventeenth, but they relate to disclosures made before final judgment in the suit. The consequences are also in that clause stated to be those "before provided for;" but the damages to be recovered by a creditor for a

breach of the bond taken to liberate a debtor from arrest on execution had not already been provided for, and were afterward provided for in section thirty-nine.

Another question presented is, whether the damages should be assessed by the Court or by a jury. The clauses in the first part of the statute, c. 115, § 78, relate to bonds given by a debtor arrested on execution, and not to those given by a debtor arrested on mesne process. The last clause of that section, as originally enacted, would have required the interposition of a jury to assess the damages. It has, however, been amended by the act of 1842, c. 31, § 9 ; and the language of the act, c. 463, upon which the decision in the case of *Hathaway* v. *Crosby*, 5 Shepl. 448, was made, has been restored, so that the provisions of the statute are in substance the same in this respect, as they were at that time.

It appears from the facts agreed, that " the principal defendant is without visible property and reputed poor ;" and that he took the oath prescribed by the former statute, the plaintiff's counsel being present, and having an opportunity to examine. Under such circumstances the Court does not feel authorized to issue execution for more than nominal damages.